**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MARSHA W. MIGNOTT, | * | |
| Individually and On Behalf of All | * | |
| Others Similarly Situated, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:23-CV-01834-ELR |
| | * | |
| STATE BAR OF GEORGIA | * | |
| FOUNDATION, INC., et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

_____

**O R D E R**

_____

Presently before the Court are several matters.  The Court sets out its

reasoning and conclusions below.

**I.    Background**

On April 23, 2023, Plaintiff Marsha W. Mignott initiated this putative class

action case against Defendants State Bar of Georgia Foundation, Inc.; State Bar of

Georgia Office of the General Counsel; and William Van Hearnburg, Jr., in his

official capacity.  See generally Compl. [Doc. 1].  Plaintiff brings one claim for relief

pursuant to 42 U.S.C. § 1981.  See id.  According to Plaintiff, Defendants "engag[ed]

in racial discrimination against [Plaintiff and other] African American attorneys who are members of the State Bar of Georgia" by

> (i) discriminatorily pursuing fraudulent grievances against African American attorneys[;] (ii) discriminatorily subjecting them to sham and illegitimate disciplinary proceedings[;] (iii) subjecting Proposed Class members to discriminatory sanctions and or disbarment from the practice of law[;] (iv) subjecting Proposed Class members to disparate terms and conditions during the State Bar Disciplinary process, including but not limited to harm to the Proposed Class members['] reputation[;] and (v) subjecting Proposed Class members to unequal grievance and disciplinary proceedings relative to their white peers.

Id. ¶¶ 1, 66.  As support, Plaintiff identifies several alleged incidents in which Defendants chose to pursue disciplinary proceedings against African American attorneys in response to grievances filed against those attorneys—including Plaintiff—while declining to initiate the same against white attorneys.  See, e.g., id. ¶¶ 13–15, 17, 27–31, 66.  Thus, Plaintiff requests "[a] declaratory judgment that the actions, conduct[,] and practices of [] Defendants . . . violate the laws of the United States and the State of Georgia," injunctive relief in the form of "[c]omplete transparency with respect to disciplinary proceedings adjudicated against African American attorneys versus [w]hite attorneys" to cure the alleged "discriminatory policies and practices," and a variety of damages.  See id. at pp. 24–25; id. ¶ 18.

On, May 11, 2023, Defendants timely filed their "Motion to Dismiss" [Doc. 10], which Plaintiff opposes.[1]   [Doc. 13].   The Court sets forth the relevant legal standard before assessing Defendants' instant motion.

## II.   Legal Standard

Federal Rule of Civil Procedure 12(b)(1) permits dismissal of a complaint for lack of subject matter jurisdiction.  See FED. R. CIV. P. 12(b)(1).  "When a defendant challenges a plaintiff[']s standing by bringing a Rule 12(b)(1) motion, the plaintiff bears the burden to establish that jurisdiction exists." McCabe v. Daimler Ag, Civil Action No. 1:12-CV-2494-MHC, 2015 WL 11199196, at *2 (N.D. Ga. Aug. 19, 2015).

A defendant may challenge a district court's subject matter jurisdiction through two (2) different types of attacks: facial attacks and factual attacks.  See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008).  A facial attack on the complaint requires the court "merely to look and see if the plaintiff sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the purposes of the motion." See id. at 1233 (internal quotation omitted).  "When defending against a facial attack, the plaintiff has 'safeguards similar to those retained when a Rule 12(b)(6) motion

---

[1] Plaintiff also filed a "Motion to Certify Class" [Doc. 14] and "Motion for Leave to Amend and Supplement Plaintiffs' Response to Defendants' Motion to Dismiss."  [Doc. 24].

to dismiss for failure to state a claim is raised,' and 'the court must consider the allegations in the plaintiff's complaint as true.'" See id. (quoting McElmurray v. Consol. Gov't of Augusta-Richmond Cnty, 501 F.3d 1244, 1250 (11th Cir. 2007)).

## III.  Discussion

By their instant motion, Defendants press several arguments why Plaintiff's Complaint should be dismissed, including that this Court lacks subject matter jurisdiction over this matter.[2]  [See Doc. 10 at 9–11].  According to Defendants, Plaintiff's suit would require this Court to review and evaluate Defendants' action or inaction in relation to Plaintiff's disciplinary proceedings, and only the Supreme Court of Georgia possesses jurisdiction over such a case.  [See id.]  In response to that argument, Plaintiff contends that this Court possesses subject matter jurisdiction pursuant to either the "complete-preemption doctrine" or the "substantial federal question doctrine."  [See Doc. 13 at 17–18].

"The regulation of the practice of law is a judicial function, and the Georgia Constitution vests the judicial power of the State in the courts.  The Supreme Court of Georgia is endowed with the inherent and exclusive authority to govern the practice of law in Georgia."  Wallace v. State Bar of Ga., 486 S.E.2d 165, 166 (Ga.

---

[2] Because the Court finds that this case is due to be dismissed for lack of subject matter jurisdiction, the Court does not address any of Defendants' other arguments presented in their instant motion.

1997) (internal citations omitted); accord Wood v. Frederick, 2022 WL 1742953 at

*6 (11th Cir. 2022).

> Matters relating to the practice of law, including the admission of
> practitioners, their discipline, suspension, and removal, are within the
> inherent and exclusive power of the Supreme Court of Georgia.
> Pursuant to its inherent power to supervise regulation of the practice of
> law in Georgia, th[e Supreme Court of Georgia] created and established
> the State Bar of Georgia.  In an exercise of the concomitant power to
> make rules for the government of the administrative arm so created,
> th[e Georgia Supreme Court] has designated itself as the only court with
> jurisdiction of the State Disciplinary Board and any person connected
> in any way with disciplinary proceedings with respect thereto.

Scanlon v. State Bar of Ga., 443 S.E.2d 830, 830 (Ga. 1994) (cleaned up).  To that

end, "no court save the Supreme Court of Georgia has jurisdiction of a cause of

action whereby a party seeks to challenge the action or inaction of the State Bar or

any person in connection with a disciplinary proceeding."  Wallace, 486 S.E.2d at

167; accord State Bar Rule 4-225 (stating that the "State Disciplinary Board and any

person who is connected with disciplinary proceedings in any way shall not be

subject to the jurisdiction of any court other than the [Georgia] Supreme Court with

respect thereto"); Jefferson v. State Bar of Ga., Civil Action No. 1:22-CV-01883-

TCB, 2022 WL 3723120, at *4 (N.D. Ga. July 26, 2022); Wood, 2022 WL 1742953

at *6; Coates v. State Bar of Ga., 581 S.E.2d 256, 257 (Ga. Ct. App. 2003).

Upon review and consideration, the Court grants Defendants' motion to dismiss based on lack of subject matter jurisdiction.[3]    Even taking Plaintiff's allegations as true, her Complaint entirely and exclusively concerns Defendants' decisions and motivations as they relate to pursuing and declining disciplinary proceedings against Plaintiff and other attorneys.[4]    See, e.g., Compl. ¶¶ 13–15 (alleging that African American attorneys face discrimination "throughout the disciplinary process" and alleging an anecdotal example of a grievance against a white attorney being dismissed), 17 (alleging that "African American attorneys are sanctioned for grievances filed by a member of the public . . . while [w]hite attorneys' grievances are dismissed"), 18 (requesting injunctive relief related to disciplinary proceedings), 27–31 (alleging with regard to Plaintiff's own State Bar disciplinary proceedings that Defendants discriminated in initiating the same and "proceeded . . . because [Plaintiff] is an African American" and claiming "no

---

[3] Because the Court grants Defendants' motion to dismiss, the Court denies as moot Plaintiff's "Motion to Certify Class."  [Doc. 14].  By her motion to amend, Plaintiff requests that the Court permit her to amend and supplement her response to Defendants' motion to dismiss to include information regarding the Supreme Court of Georgia's recent dismissal of the disciplinary proceedings brought against her.  [See generally Doc. 24].  However, the status of Plaintiff's disciplinary proceedings has no bearing on the Court's conclusion herein.  Otherwise, the Court does not find that it would be aided by supplemental briefing in this matter.  See Garrison v. Ne. Ga. Med. Ctr., Inc., 66 F. Supp. 2d 1336, 1340 (N.D. Ga. 1999) (noting that neither this district's Local Rules nor the Federal Rules of Civil Procedure permit sur-replies).  Therefore, the Court denies that motion.

[4] Although Plaintiff asserts in conclusory fashion that the instant case does not seek to challenge Defendants' action or inaction in connection with any disciplinary proceeding, the Court finds that the plain language of Plaintiff's factual allegations and content of her subsequent filings reveal otherwise.  Compare Compl. at p. 2 n.2, [and Doc. 13 at 3], with Compl. ¶¶ 13–15, 17, 27–31, 66, [and Doc. 13 at 2, 4, 8–9, 20–25].

disciplinary proceedings would have been pursued against a [w]hite attorney"), 66 (alleging that Defendants violated 42 U.S.C. § 1981 by discriminating against Plaintiff during the grievance and subsequent disciplinary proceedings process); id. at p. 24 (requesting that the Court declare Defendants' "actions, conduct[,] and practices" unlawful with regard to the grievance and disciplinary proceedings process). Thus, Plaintiff's Complaint necessarily implicates and challenges "the action or inaction of the State Bar or any person in connection with a disciplinary proceeding" such that this Court lacks subject matter jurisdiction over this case. See Wallace, 486 S.E.2d at 166; Jefferson, 2022 WL 3723120, at *4 (dismissing the plaintiff's claims, including a § 1981 cause of action alleging that the State Bar discriminated against the plaintiff and other African American attorneys during their disciplinary proceedings, in part because the court lacked subject matter jurisdiction); see also Cohran v. State Bar of Ga., 790 F. Supp. 1568, 1574 (N.D. Ga. 1992) (noting that State Bar Rule 4-225 "does not deprive plaintiff of an opportunity to present his case. It merely specifies the forum [the Supreme Court of Georgia] for challenging actions of the State Bar"); Wood, 2022 WL 1742953, at *6 (stating that the plaintiff-attorney would "have an opportunity to raise his constitutional arguments [before the Supreme Court of Georgia] if the State Bar recommends disciplinary action" pursuant to State Bar Rule 4-218 and citing Wallace and Cohran); Musslewhite v. State Bar of Tex., 32 F.3d 942, 947 (5th Cir. 1994)

(affirming district court's dismissal of plaintiff's § 1983 claims alleging that the state bar violated the U.S. Constitution in "selectively investigating" the plaintiff in bad faith for lack of subject matter jurisdiction because the claims were "but another attack on the State Bar's procedures as applied to" the plaintiff, "all of the evidence . . . goes solely to his disciplinary proceedings," and the "state court was capable of resolving that claim; it is too inextricably intertwined with the state case").

Plaintiff's arguments that this Court possesses subject matter jurisdiction pursuant to the "complete-preemption doctrine" or the "substantial federal question doctrine" are unconvincing. [See Doc. 13 at 17–18]; see also McCabe, 2015 WL 11199196, at *2 ("When a defendant challenges a plaintiff[']s standing by bringing a Rule 12(b)(1) motion, the plaintiff bears the burden to establish that jurisdiction exists."). First, complete pre-emption applies when the "pre-emptive force of a [federal] statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim[.]" Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987) (cleaned up). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Id. Second, the "substantial federal question doctrine" applies where a "state law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved

balance of federal and state judicial responsibilities." <u>Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.</u>, 545 U.S. 308, 314 (2005). However, these doctrines are inapplicable to the present case because Plaintiff brings a federal—rather than a state—cause of action by which she seeks to challenge Defendants' action or inaction related to State Bar disciplinary proceedings. <u>See generally</u> Compl. As discussed above, such cases are exclusively within the jurisdiction of the Supreme Court of Georgia. <u>See, e.g.</u>, <u>Wallace</u>, 486 S.E.2d at 166; <u>Jefferson</u>, 2022 WL 3727120, at *4; <u>see also</u> <u>Cohran</u>, 790 F. Supp. at 1574; <u>Wood</u>, 2022 WL 1742953, at *6.

## IV.    Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' "Motion to Dismiss" to the extent that motion requests that the Court dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. [Doc. 10]. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** this action. Next, the Court **DENIES AS MOOT** Plaintiff's "Motion to Certify Class" [Doc. 14] and **DENIES** Plaintiff's "Motion for Leave to Amend and Supplement Plaintiffs' Response to Defendants' Motion to Dismiss." [Doc. 24]. Finally, the Court **DIRECTS** the Clerk to close this case.

**SO ORDERED**, this 27th day of December, 2023.


Eleanor L. Ross
United States District Judge
Northern District of Georgia