[PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 24-10327

_____

MARSHA W. MIGNOTT,
individually and on behalf of all others
similarly situated,

                                      Plaintiff-Appellant,

*versus*

STATE BAR OF GEORGIA FOUNDATION, INC.,
STATE BAR OF GEORGIA OFFICE OF THE GENERAL
COUNSEL,
ASSISTANT GC WILLIAM V. HEARNBURG, JR.,
in his official capacity,

                                      Defendants-Appellees.

_____

2                    Opinion of the Court                    24-10327

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-01834-ELR

_____

Before WILLIAM PRYOR, Chief Judge, and LUCK and BRASHER, Circuit Judges.

WILLIAM PRYOR, Chief Judge:

This appeal requires us to decide whether a district court erred when it dismissed a lawyer's complaint against a state bar foundation, a state bar office of the general counsel, and an assistant general counsel on the ground that the state supreme court has exclusive jurisdiction over attorney misconduct. When the State Bar of Georgia prosecuted Marsha Mignott for misconduct, she filed this putative class action in response and alleged that her prosecution was racially discriminatory. *See* 42 U.S.C. § 1981. The district court dismissed Mignott's complaint on the ground that the Supreme Court of Georgia has exclusive jurisdiction over attorney misconduct proceedings. Because federal, not state, law governs the subject-matter jurisdiction of the district court, we vacate and remand for further proceedings.

## I. BACKGROUND

Marsha Williams Mignott is an attorney licensed to practice law in the State of Georgia. *In re Mignott*, 893 S.E.2d 891, 891 (Ga. 2023). A prospective client filed a grievance against Mignott with the State Bar of Georgia. *Id.* A special master concluded that

Case 1:23-cv-01834-ELR   Document 34   Filed 07/30/25   Page 3 of 8
USCA11 Case: 24-10327   Document: 46-1   Date Filed: 07/30/2025   Page: 3 of 6

24-10327                Opinion of the Court                      3

Mignott violated two rules of professional conduct and recommended that she receive a two-year suspension. *Id.* at 892.

While the disciplinary proceeding was ongoing, Mignott filed this putative class action. She alleged that the State Bar of Georgia Foundation, Inc., the State Bar of Georgia Office of the General Counsel, and William Van Hearnburg Jr., in his official capacity as Assistant General Counsel for the State Bar of Georgia, discriminated against her and other black attorneys by pursuing "fraudulent grievances" against them and by subjecting them "to unequal grievance and disciplinary proceedings relative to their white peers." *See* 42 U.S.C. § 1981. Mignott sought declaratory and injunctive relief and damages.

The State Disciplinary Review Board adopted the special master's findings but recommended that she receive a one-year suspension. *In re Mignott*, 893 S.E.2d at 892. Upon review, the Supreme Court of Georgia ruled that Mignott did not violate any rule of professional conduct because she "never formed an attorney-client relationship with the grievant" and the rules of conduct that Mignott was charged with violating "do not apply to prospective clients." *Mignott*, 893 S.E.2d at 892. So it "impose[d] no discipline and dismiss[ed] th[e] matter." *Id.* It also later denied the State Bar's motion for reconsideration.

Meanwhile, after the defendants moved to dismiss Mignott's federal complaint on several grounds, the district court dismissed for lack of subject-matter jurisdiction. It explained that "[t]he Supreme Court of Georgia is endowed with the inherent and

Case 1:23-cv-01834-ELR   Document 34   Filed 07/30/25   Page 4 of 8
USCA11 Case: 24-10327   Document: 46-1   Date Filed: 07/30/2025   Page: 4 of 6

4                        Opinion of the Court                    24-10327

exclusive authority to govern the practice of law in Georgia," and it relied on *Wallace v. State Bar of Ga.*, 486 S.E.2d 165, 166 (Ga. 1997), as authority for that proposition. It ruled that Mignott's complaint "necessarily implicates and challenges 'the action or inaction of the State Bar or any person in connection with a disciplinary proceeding' such that [it] lack[ed] subject matter jurisdiction over this case." *See id.*

## II. STANDARD OF REVIEW

We review *de novo* our subject-matter jurisdiction. *Uberoi v. Sup. Ct. of Fla.*, 819 F.3d 1311, 1313 (11th Cir. 2016).

## III. DISCUSSION

The district court erred in ruling that state law defined its subject-matter jurisdiction. A district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). State law cannot strip a federal court of jurisdiction that federal law otherwise provides. *See* U.S. CONST. art. VI, cl. 2 ("This Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."). Mignott's complaint arises under federal law, which supplies her cause of action. *See* 42 U.S.C. § 1981. And Georgia law cannot divest the district court of federal-question jurisdiction. Indeed, inferior courts "must . . .

Case 1:23-cv-01834-ELR   Document 34   Filed 07/30/25   Page 5 of 8
USCA11 Case: 24-10327   Document: 46-1   Date Filed: 07/30/2025   Page: 5 of 6

24-10327                Opinion of the Court                5

determine their jurisdiction and powers without regard to state law." BRYAN A. GARNER ET AL., THE LAW OF JUDICIAL PRECEDENT § 65, at 556 (2016).

The *Rooker-Feldman* doctrine, *see Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), also cannot support the dismissal of Mignott's complaint. That doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Behr v. Campbell*, 8 F.4th 1206, 1212 (11th Cir. 2021) (citation and internal quotation marks omitted). "Its application is narrow and . . . quite simple." *Id.* Mignott does not seek to "modify or overturn an injurious state-court judgment." *Id.* at 1210. Indeed, she prevailed in the Supreme Court of Georgia, which held that she did not violate any rule of professional conduct. Mignott is not a "state-court loser[] complaining of injuries caused by [a] state-court judgment[]." *Id.* at 1212.

We express no opinion on whether Mignott's complaint suffers from other jurisdictional defects or states a plausible claim for relief. Nor do we express any view about whether any defendant enjoys immunity from suit or any remedy. "[W]e decline to reach" the alternative grounds for dismissal because they "are better suited for the district court to consider first on remand with the benefit of . . . thorough briefing." *Muscogee (Creek) Nation v. Rollin*, 119 F.4th 881, 892 (11th Cir. 2024).

| 6 | Opinion of the Court | 24-10327 |

### IV. CONCLUSION

We **VACATE** and **REMAND** for further proceedings.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 30, 2025

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 24-10327-W
Case Style: Marsha Mignott v. State Bar of Georgia Foundation, Inc., et al
District Court Docket No: 1:23-cv-01834-ELR

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing or rehearing en banc is governed by 11th Cir. R. 40-2. Please see FRAP 40 and the accompanying circuit rules for information concerning petitions for rehearing. Among other things, **a petition for rehearing must include a Certificate of Interested Persons**. See 11th Cir. R. 40-3.

Costs
Costs are taxed against Appellee(s) / Respondent(s).

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion